THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Frank Lawson, Appellant,
 v.
 South Carolina Department
 of Corrections, Respondent.
 
 
 

Appeal From Administrative Law Court
  Ralph K. Anderson, III, Administrative
Law Court Judge

Unpublished Opinion No.  2010-UP-431
 Submitted October 1, 2010  Filed October
11, 2010

AFFIRMED

 
 
 
 Frank Lawson, pro se, for Appellant.
 Christopher D. Florian, of Columbia, for Respondent.
 
 
 

PER CURIAM: Frank Lawson appeals an order of the Administrative
 Law Court (ALC) affirming the South Carolina Department of Corrections's (the
 Department) determination he violated its disciplinary code by striking another
 inmate.  On appeal, Lawson argues the ALC (1) erred in finding substantial
 evidence supported the Department's determination and (2) violated his right to
 due process because its determination is based on insufficient evidence. 
 Because substantial evidence supports the ALC's decision, we affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C.
 Code Ann. § 1-23-610(B) (Supp. 2009) (providing this court may not substitute
 "its judgment for the judgment of the [ALC] as to the weight of the
 evidence on questions of fact"); § 1-23-610(B)(e) (providing this court
 will reverse the ALC's decision if "the
 substantive rights of the petitioner have been prejudiced because the finding,
 conclusion, or decision is . . . clearly erroneous in view of the reliable,
 probative, and substantial evidence on the whole record").[2]
AFFIRMED.
SHORT,
 THOMAS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Because substantial evidence supports Lawson's
 disciplinary conviction, we need not reach his due process argument.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518
 S.E.2d 591, 598 (1999) (finding an appellate
 court need not discuss remaining issues when disposition of a prior issue is
 dispositive).